UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| DAVID EDWARD SWICKER, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) 1:10-cv-00065-JAW ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) ) ) |
| Defendant | ) |

**RECOMMENDED DECISION**

The Social Security Administration found that David Edward Swicker, 40 years old as of the date of alleged onset of disability, has degenerative disk disease and degenerative joint disease, but retains the functional capacity to perform substantial gainful activity in occupations existing in significant numbers in the national economy, resulting in a denial of Swicker's application for disability benefits under Title II and Title XVI of the Social Security Act. Swicker commenced this civil action for judicial review of the final administrative decision, alleging errors at Steps 4 and 5 of the sequential evaluation process. I recommend that the Court affirm.

**Standard of Review**

The standard of review is whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. Richardson v. Perales, 402 U.S. 389, 401 (1971); Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not

conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

**The Administrative Findings**

The Commissioner's final decision is the February 1, 2010, decision of the Decision Review Board, which found no reason to disturb the decision of Administrative Law Judge Joseph Shortill. (Docs. Related to Admin. Process, Including Tr. of Oral Hr'g, Doc. No. 5-2, R. 1-6.) The Commissioner rests, in effect, on the decision issued by Judge Shortill. Judge Shortill's decision tracks the familiar five-step sequential evaluation process for social security disability claims. (R. 7-19.)

At Step 1 of the sequential evaluation process, the Judge found that Swicker meets the insured status requirements of Title II through December 31, 2010, and has not engaged in substantial gainful activity since May 20, 2005, the date of alleged onset of disability. (Findings 1 & 2.)

At Step 2, the Judge found that Swicker has the following severe physical impairments: degenerative disk disease and degenerative joint disease. (Finding 3.) The Judge recognized the existence of a seizure disorder but found it non-severe for social security purposes. Swicker does not challenge this finding.

At Step 3, the Judge found that this combination of impairments would not meet or equal any listing in the Commissioner's Listing of Impairments, specifically evaluating the criteria of musculoskeletal listings 1.02(A) and 1.04(A). Swicker does not press a contrary argument here.

At Step 4, the Judge found that the medical evidence and other evidence of record reasonably demonstrates that Swicker's combined impairments result in the following residual functional capacities and limitations:

> to perform light work as defined in 20 CFR §§ 404. 1567(b) and 416.967(b);
>
> to sit for up to six hours in an eight hour day and to stand for up to six hours in an eight hour day,[1] provided there is the option to sit/stand every hour for one to two minutes for comfort;
>
> to frequently push or pull not more than 20 pounds with the lower extremities;
>
> to never climb ropes, scaffolds, or ladders;
>
> to frequently balance but only occasionally stoop, kneel, crouch, or crawl;
>
> to not work in cold temperature extremes or in humid conditions;
>
> to be free from walking on sloping surfaces;
>
> to perform only unskilled work because of decreased concentration related to pain and the effects of medications.

(Finding 4.[2]) These capacities and limitations preclude all relevant past work. (Finding 5.) Swicker does not object to the RFC finding except in regard to the very last item on the list (restrictions associated with concentration, persistence, and pace), as explained in relation to the Judge's step 5 finding.

At Step 5, the Judge, relying on vocational expert testimony, found that Swicker could still engage in other substantial gainful employment, including in the occupations of cleaner, parking lot cashier, and personal care attendant. (Finding 9.)

### Discussion of Plaintiff's Statement of Errors

Swicker's solitary argument on review is that the Judge erred because he did not pose any

---

[1] This is a clarification drawn from the hypothetical proposed to the vocational expert at the hearing. (R. 54.) That hypothetical described someone who was limited to six hours of sitting and to six hours of standing. The Judge's written decision describes a residual functional capacity that limits only the amount of time spent in a seated position. Because the vocational expert's testimony was responsive to a more restrictive residual functional capacity, I discern no harm in this discrepancy.

[2] The Judge placed his RFC finding under the same heading as his finding concerning the listings.

concentration restriction for the vocational expert to consider, even though the Judge found that decreased concentration was present due to the effects of pain and medications. According to Swicker, it is error for a Judge to assess an occupationally significant decrease in concentration yet impose no greater limitation than a limitation to unskilled work. (Statement of Errors at 2-5.) Swicker says he preserved this issue because his hearing representative asked the vocational expert whether inability to concentrate one day per week would impact the ability to perform the jobs in question. (Id. at 5.)

The Judge's colloquy with the vocational expert was well developed at the hearing. The Judge proposed four hypotheticals: light-exertion, with the lower extremity and postural limitations described in the residual functional capacity finding; a second hypothetical that added[3] the 20 pound limit on lower extremity pushing and pulling; a third hypothetical that proposed a need to sit and stand at will rather than a need to alternate position hourly; and a final hypothetical that added occasional side effects from medication that would put Swicker out of work once every other month. (Docs. Related to Admin. Process, Including Tr. of Oral Hr'g, Doc. No. 5-2, R. 53-57.) In response to the first hypothetical, the vocational expert identified the following jobs: cleaner, parking lot cashier, and personal care assistant. The vocational expert testified that the second hypothetical would not change his answer. With the third proposal, the vocational expert testified that a sit/stand at will option would eliminate only the cleaner job, and he offered a substitute sedentary occupation of document preparer. With the addition of the occasional side effects, the vocational expert testified that the proposed amount of absences are within acceptable limits and would not prevent Swicker from remaining employed in these occupations. (R. 54-57.) The Judge then allowed Swicker's representative to question the vocational expert. He proposed some additional restrictions that are not being pursued in this

---

[3] It appears that this restriction was already in the first hypothetical.

litigation. Then he proposed a need to be absent on two days monthly rather than one day every other month. The vocational expert responded: "that would be excessive and that would eliminate . . . essentially all work." (R. 58.)

The Judge acknowledged Swicker's complaints about concentration in his written decision. However, based on a credibility assessment that took into consideration the entire record, the Judge found that Swicker's subjective allegations, while plausible, overstated the degree of impairment experienced secondary to pain and that treatment modalities, including physical therapy and prescription medications, largely restored functionality (R. 15-16). Nevertheless, the Judge made an allowance for decreased concentration related to pain and medications, finding that Swicker is limited to unskilled work. (R. 14.) The contention Swicker makes in this litigation is that the Judge was required to impose a greater concentration limitation in his RFC finding by dint of the fact that he credited Swicker's allegations of decreased concentration at all. According to Swicker, a limitation to unskilled work, without more, is meaningless in the sequential evaluation process for those claimants who lack transferable skills. (Statement of Errors at 2, citing 20 C.F.R. §§ 404.1568, 416.968.) He says the error is highlighted by the fact that, under this scenario, the Judge need not even propose a concentration limitation to the vocational expert, but may merely request that the vocational expert identify available occupations in the unskilled category. (Id. at 2-5, citing cases.)

At oral argument, counsel for the Commissioner responded that there was no basis for this argument because there was no finding of a "moderate" mental impairment in the record. Counsel for the Commissioner also noted that the vocational expert testified that an occasional absence (once every other month) from work on account of pain or side effects would not prevent employment at the substantial gainful activity level.

The circumstances described in the cases that Swicker cites in support of his position can be distinguished from his own predicament. For example, in the recommended decision adopted in Cummings v. Astrue, Civ. No. 09-391-P-H, the Court addressed a "moderate" concentration, persistence, and pace limitation secondary to a mental health disorder rather than a credibility determination about the limiting effects of pain and pain medication. 2010 WL 2076021, *4. The same distinction holds with respect to the recommended decisions adopted by the Court in McHugh v. Astrue, Civ. No. 09-104-B-W, 2009 WL 5218059, *3-4, 2009 U.S. Dist. Lexis 122083, *11-13, and Maldonado v. Astrue, Civ. No. 08-412-B-W, 2009 WL 1885057, *5-6, 2009 U.S. Dist. Lexis 57890, *12-14.

Allegations of decreased concentration on account of pain symptoms are appropriately addressed in the context of a credibility assessment. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). When it comes to judging the credibility of a claimant's subjective report of pain, an administrative law judge's discretion is considerable. "Issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner]." Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965). The administrative law judge is assigned the task of making the credibility determination, 20 C.F.R. §§ 404.1529(a), (c)(1), (c)(4), 416.929(a), (c)(1), (c)(4), and in doing so he or she has leeway to consider what the "entire case record" reveals and what reasonable inferences it supports. Id.; see also SSR 96-7p, 1996 SSR LEXIS 4, *6, 1996 WL 374186, *2 (July 2, 1996) ("[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record."). The Court does not have authority to make a credibility finding *de novo* and,

therefore, cannot overturn the finding just because it might draw different inferences from the record or harbors greater doubts about a claimant's functional capacity. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

Swicker does not direct the Court to any objective medical evidence supporting his subjective report about the degree to which pain and medication side effects impact his ability to concentrate. I note that a physical residual functional capacity questionnaire completed by one treating physician reports that concentration decreases when pain is experienced, but there is no opinion as to either frequency or intensity. (R. 499, Doc. No. 5-8, Page ID No. 524.) In any event, objective medical evidence of such symptoms is rare and both pain and the side effects of medication are areas of inquiry that are subsumed within the credibility analysis. In this analysis, side effects of pain medication are but one factor among many. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Judge did not ignore Swicker's allegations, considered multiple, appropriate factors, and concluded that any concentration deficit would not impede Swicker's ability to engage in unskilled work. There is no foothold in the regulations or in this District's precedent, discussed above, that lends traction to Swicker's bid for remand on this credibility question.

Because the Judge did not err in formulating the residual functional capacity finding in regard to concentration deficits secondary to the subjective experience of pain and/or the side effects of medication, he was permitted to rely on the vocational expert testimony of record. That testimony is substantial evidence in support of the Judge's step 5 finding.

## Conclusion

For the reasons set forth in the foregoing discussion, I RECOMMEND that the Court AFFIRM the Administrative Law Judge's decision and enter judgment in favor of the

7

Commissioner.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 22, 2010